### 29114. JORDAN v. THE STATE.

DECIDED SEPTEMBER 5, 1941.

*Bernard L. Chappell, John D. Parker, Dolly Lee Butler,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

GARDNER, J. The defendant was convicted of assault with intent to murder. He filed a motion for new trial which the court overruled, and he excepted.

While the evidence was weak, yet under the whole setting of the transaction and the testimony of the prosecutor, who was the only witness and whose testimony constituted the whole evidence, the defendant not making a statement, we can not say as a matter of law that there was no evidence to sustain the verdict. The testimony on this point was as follows "As to what happened to me, I got shot. I was shot in the center of the back with a 22 rifle. I wasn't doing anything to the defendant at the time I got shot. I do not know why he shot me. We didn't have any cross words. That boy sitting there, Bill Jordan, shot me. . . I say this defendant shot me. As to how I know he was the one that did the

shooting, well I slapped his brother. I didn't make any case that night because when he shot I knowed his face, and he told me, he said, 'I told you I was going to kill you.' I know that he is the one that shot me." This evidence was sufficient to support the conviction.

Ground 4 of the amended motion complains that the court erred in allowing, over timely objection, the State's witness to testify: "They said they were going to shoot some dice; to come on." In passing on this testimony the court made this ruling: "I will let the jury determine whether anybody else was talking besides Bill [the defendant] or not. He [the witness] said Bill Jordan was talking." The defendant contends that the pronoun "they" was too general, and that the court expressed the opinion that the witness had testified that Bill Jordan had been talking. In the first place we can not see that this testimony was very material, one way or the other. Aside from this, a careful reading of the evidence as a whole discloses that it could be very accurately inferred that the judge was correct in his interpretation as to what the witness had testified. There is no merit in this assignment.

Ground 5 contends that the court erred in allowing the witness to use the pronoun "they" in the connection "they went to shooting dice." It is quite clear from reading the whole evidence that the defendant and the prosecutor, who was the only witness in the case, together with several others, for a good portion of the day before the shooting which occurred on the following night, were engaged in gambling, and the incidents of this pastime formed a basis for the shooting. At most, this phase of the transaction was inducement leading up to the offense for which the defendant was being tried. If harmful at all, it was not of such gravity as to warrant a reversal.

Ground 6 in practically all respects presents the same complaint as that set forth in ground 5, and is likewise without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*